## *Ex parte* BASSETT.

A court of common pleas has a right, in their discretion, to set aside the report of referees, upon the ground that it is founded on the testimony of a witness who in their opinion was not credible.

So of the verdict of a jury.

And this court will not interfere, to regulate such discretion, by mandamus.

Although they may think the common pleas erred.

Unless it be in a plain case admitting of no doubt; so that there is no room for discretion.

C. F. INGALLS moved for a mandamus to the Judges of the Court of Common Pleas of Washington county, commanding them to vacate a rule made by them setting aside a report of referees in a cause before them in which Bassett was plaintiff and M. H. & A. S. White were defendants, and that they affirm the report which was in favor of Basset; and one point made was, that the Common Pleas in setting aside the report proceeded upon the ground that the principal witness sworn before the referees in behalf of the plaintiff, and on whom they principally relied, was not a credible witness. There was evidence before the referees for and against the credibility of the witness.

*Ingalls* remarked : It is the peculiar province of referees to judge of the credibility of witnesses. They are substituted for a jury, who are the exclusive judges of credibility ; and no Court has the power, because they differ from them, to set aside the verdict. The office of a referee and juryman are precisely similar. It is to pass upon matters of fact and report the determination—not the facts. If this position be correct, the Court, in setting aside the report of the referees, have manifestly infringed upon their province. It

Where an inferior jurisdiction, having a discretion, has proceeded to exercise it, this cour will not control it.

is not pretended that any principle of law has been violated by the referees.

*Curia,* per Woodworth, J.  On looking into the papers upon which the Court below proceeded, we are satisfied they erred.  We think that the circumstances relied upon to impeach the witness before the referees were not so strong as to call for the interference of the Court in setting aside the report.  But it is equally clear that, whether the report should be set aside or not, was a question of discretion, the extent of which we cannot limit by the standard of our own opinion.  It was a question upon the weight of evidence ; and Courts will exercise a sound discretion on this head, in controlling the reports of referees, or the verdict of a jury.  Should it appear, for instance, that a witness relied upon was shown to be totally destitute of credit, as that he was infamous, and he was not at all supported by any other evidence in the cause, the Court might in their discretion set aside a report or a verdict founded upon such testimony.  So they may weigh the testimony, and if, in their view, it presents a striking preponderance on one side which has been disregarded by the referees or the jury, the Court may relieve although no rule of law have been violated.  Wherever an inferior jurisdiction, having a discretion, have exercised it, this Court does not interfere by mandamus.  A contrary practice would draw before us every investigation of fact which may arise in the Court of Common Pleas.  We do not mean to say, that we would not grant a mandamus in a plain case, where the evidence is all one way, and there is nothing contradictory ; where the case is so palpable as to leave no room for discretion in the Court below.  But here was evidence on both sides ; and it was in the sound discretion of the Court, whether they would interfere or not.

Sutherland, J.  The only question is, whether the Court below had a right to entertain the question of credibility.  That Courts will review evidence upon its credibility, even before a jury, in extraordinary cases, is undoubted ; and it follows of course, that they have the same power in rela-

tion to evidence before referees.   But we will not interfere merely because we think the Court below have decided erroneously in a mere question of fact which they had a right to decide.   It must, in its very nature, be a matter of discretion.

Motion denied.