## Case No. 7,975.

### LADD v. TUDOR.

[3 Woodb. & M. 325.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1847.

REMOVAL OF CAUSES — CITIZENSHIP NOT APPEARING ON WRIT—AMOUNT INVOLVED — HOW AMOUNT MAY APPEAR—MANDAMUS.

1. If a citizen of another state is sued in Massachusetts by a citizen of the latter state, in her court of common pleas, the action may be removed to the circuit court of the United States, though it does not appear on the face of the writ, that the defendant was a citizen of another state.

[Cited in brief in Glens Falls Ins. Co. v. Jackson Circuit Judge, 21 Mich. 578.]

2. The value of the matter in dispute must appear to be over $500, to justify such removal, but it may appear by the ad damnum in the writ, when the declaration discloses no precise sum, or by the declaration in preference to the writ, if a sum certain be claimed there. And if any doubt exists, from different counts claiming different sums, or the subject being real-estate, what is the real amount in dispute, the court below may inquire into it by evidence.

3. If that court become satisfied that the plaintiff intended to recover no more than $500, it is justified in not allowing the action to be removed, but it must not by a release of damages, amendments or otherwise, permit the right to remove the action to be taken away, where the plaintiff, at the time of the application, clearly appears to have sought to recover more than $500.

[Cited in Snaft v. Phoenix Mut. Life Ins. Co., 67 N. Y. 544.]

4. A mandamus to a court implies some censure on it, as well as on the party, and is, therefore, not to be issued where there has been, to appearance, an honest exercise of a discretion confided to it by law.

[Quoted in Fisk v. Union Pac. R. Co., Case No. 4,827.]

[Cited in Lange v. Benedict, 73 N. Y. 36.]

5. Quere, if it lies from courts of the United States to judges of state courts.

This was a petition, setting forth the following facts: An action at law was instituted by Tudor v. Ladd [unreported] on the 17th of August last, in the court of common pleas, of the state of Massachusetts, to recover damages for not furnishing a ship, as agreed on, for the transportation of ice. The damages in the writ were laid at $700. Ladd is a citizen of Portsmouth, N. H., and Tudor a citizen of Boston, Mass. Ladd appeared and answered to the action in the common pleas, on the 14th day of October, 1847, and filed a petition to have the same removed to this court for trial, and also filed a bond with sureties, as required by law, and would have entered the cause here, and given special bail, but the court of common pleas refused to grant his request, and proceeded further in the cause there. Therefore the said Ladd prayed that a mandamus might issue to said court, to grant his request, and to proceed there no further in the case. The counsel for Tudor appeared here and objected to the allowance

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

of the prayer of Ladd for the following reasons: First, the writ against Ladd contained several counts—one on an account annexed for damages to the extent of $500, for not furnishing a vessel, according to agreement, to transport ice for the plaintiff. Another on the special contract to furnish the vessel for the freight of the ice, and several others in different forms on the same contract. There were also the usual money counts for $600, and a concluding ad damnum in the sum of $700. The respondent, Tudor, further stated, that all these counts were intended to be for the same cause of action, and the damages wished to be recovered in all of them, did not exceed the $500 stated in the particulars in the account annexed, and that, on satisfying the court below such was the fact, after the petition to remove the case was filed there by Ladd, that court allowed the ad damnum at the close of the writ, to be amended to $500, so as not to bring in controversy more than that amount in all the counts, and after that the court of common pleas declined to allow the removal, unless this court on application here deemed a removal proper. If they did, no mandamus, it was said, would become necessary, as the court was willing at once to permit the case to be transferred, and would proceed no further there, on such an opinion being intimated.

Fletcher & Sewall, for petitioner Ladd.
A. B. Ely, for Tudor.

WOODBURY, Circuit Justice. On inspection of the original writ in this case, I perceived that the different counts did not all in terms refer to one cause of action, and suggested to the respondent's counsel the propriety of filing an affidavit that they were so intended to refer, if such was the fact, and that no more was meant or expected to be recovered as damages, than the $500 in the account annexed. Accordingly an affidavit to that effect has since been filed, and now makes a part of the case.

The first question arising on this petition is, whether the residence of Ladd appears to be such as to entitle him to remove a cause to this court from the state court. The act of congress, under which he claims the right, being the judiciary act of 1789 [1 Stat. 73], merely requires that the person to be so entitled must be an "alien" or "citizen of another state." The expression is "that if a suit be commenced in any state court against an alien or by a citizen of the state in which the suit is brought against a citizen of another state," then, &c. Act Sept. 24, 1789, § 12. It does not require expressly that this fact should appear on the record in the original proceeding, but only that it be a fact, and it seems to be the view of the supreme court that this fact need not appear on the original record. M'Clung v. Silliman, 6 Wheat. [19 U. S.] 598.

The petition before us avers that Ladd is a citizen of New Hampshire, and this is fortified by the expression in the writ, not suing him as a citizen of Massachusetts, but merely as then "commorant" in Massachusetts. This fact also is not denied by the respondent, and, under these circumstances, in my view, he comes within both the letter and spirit of the judiciary act, as personally entitled to have his obligations in this case, when of sufficient amount, settled in the courts of the United States, and not in those of the state to which his antagonist belongs, and where Ladd, as a stranger, is supposed, in theory at least, not to be likely to receive so impartial a hearing.

But as such removals are expensive, and might be troublesome where only small amounts are in dispute, the act makes a second requirement in order to justify a removal, and this is, that the damages or "matter in dispute exceeds the aforesaid sum or value of $500, exclusive of cost." See St. 1789. Now in the court below, as here, in states where the practice is not to file declarations till after the return of the writ, the ad damnum in the writ is the primâ facie sum claimed, or "value of the matter in dispute," and usually there is no occasion to inquire beyond that. But where, as in this state, the declaration is inserted in the original writ, the sum claimed in that, if a particular sum be there named, and is different from the ad damnum, is probably to govern primâ facie. Martin v. Taylor [Case No. 9,166]; Muns v. Dupont [Id. 9,931]. Because the declaration is supposed to contain the real cause of action, and to set out the real extent of the grievance. The case of Sewall v. Chamberlain, 5 How. [46 U. S.] 6, seems to sustain a like distinction, though that was a bill in equity. In this case the declaration in one count names $600 as the claim for damages, and in another $500, while the ad damnum names $700.

Taking the counts to be for separate causes of action, all of them together, as well as some of them alone, and also the ad damnum, are large enough to entitle the cause to be transferred here. So, if they are for the same cause, the amount in one of them is large enough, though in the other it is not, and hence the inference, primâ facie, would be that the case might be removed. In this state of things the court below, finding that by the judiciary act the amount must appear to its satisfaction to be larger than $500, instituted an inquiry to ascertain how the fact really was, and became convinced that only $500 was sought to be recovered, and therefore declined to transfer the cause. In making this inquiry, under all the circumstances, I think the court below exercised a sound discretion, and came to a right conclusion. If no grounds of doubt or uncertainty had appeared on the face of the record as to the true amount, by there being only one count, and that for $500, or only one, and that for $600, it might not have been prudent or necessary to go beyond the declaration to as-

certain the real value of the matter in controversy. But as grounds of doubt appeared on the record, one count being above and one at $500, and both not being expressly avowed to be for one cause of action, it was well to remove these doubts, and being removed, it was well to have the ad damnum amended and reduced to $500, so as to prevent any attempt afterwards to recover more, either as principal or interest.

In actions to recover real-estate, also, and in replevin, inquiries beyond the record often become proper, as to the value of what is in dispute. Besides this apparent justification in these uncertainties, for making an inquiry into the truth, the act of congress itself seems to confer a discretion on the court below, which in a case like this could hardly be exercised judicially without a collateral inquiry out of the record. The words are, as to the amount of damages in dispute, "to be made to appear to the satisfaction of the court." There must usually, when the writ and declaration conflict, and when different counts in the declaration are unlike, be occasion and justification for inquiring into the real design and object of the party by other evidence. In the next place, the remedy applied for here is a peculiar one, so as to stand open to the inquiries on the petition for a mandamus, whether the court on the whole facts acted fairly. That writ involves some imputations on the court below, as well as on the opposing party, and is not to be issued, if the court below appears to have decided fairly a question within its jurisdiction, and over which it had some discretion. Especially is it so, if the court appear to have decided it rightly on all the facts. We have seen already that the ad damnum is not the exclusive guide as to the value in controversy, where a declaration is as here, and claims less than that. And, independent of the express clause that the court must be satisfied that the claim is over $500, it seems reasonable, if there be different counts, as here, some claiming more and some less than that amount, which gives jurisdiction to come here, that the court should inquire into the truth, as to which was intended to be the real sum in dispute. If the truth turns out to be that the smaller sum was intended, then to allow an amendment to conform to the true result and to proceed further in that court, were proper consequences. This is very different from allowing an amendment not to conform to the original truth and intention, or from not being satisfied that more than $500 was in dispute, when the ad damnum was $1000, and the recovery $600. Contrary to that, and merely with a view to prevent the other side from removing the cause, when he clearly and honestly had a right to do so, should a court refuse a removal, and render judgment below for the $600, it is bad on a writ of error. Gordon v. Longest, 16 Pet. [41 U. S.] 97. Nor will it do for the court below to refuse a transfer when proper, and afterwards allow a release of part of what was really claimed at first, and meant to be, in order to bring the sum in dispute as low as $500. Wright v. Wells [Case No. 18,101].

The affidavit filed here since the case was opened in this court, confirms the truth of the conclusion to which the court below came, that the different counts were for only one cause of action, and that one cause, as the count for the particulars annexed states, was only for $500 damages. Hence no intention existing to claim or recover more than $500, with costs, the sum really in dispute was not so large as to come within the act of congress, and the policy of allowing actions against others than citizens to be removed to this court.

It may not be improper to add a few remarks more as to the use of this particular remedy in a case like this. Some doubt might exist, whether a mandamus to a state court from this tribunal organized under another government, was the proper remedy. It has been settled that a state court cannot issue a mandamus to an officer of the United States. M'Clung v. Silliman, 6 Wheat. [19 U. S.] 598. In [Gordon v. Longest] 16 Pet. [41 U. S.] 97, the remedy was by a writ of error to reverse the first judgment in the state court. And where another remedy lies, a mandamus is held to be improper. 10 Johns. 484. But Cooke, 160, seems to countenance the present cause. Brown v. Crippin, 4 Hen. & M. 173, quoted in some of the digests for it, seems, on examination, to be a case of a mandamus from the highest state court to the common pleas in the same state, to remove such a case, and not one from a court of the United States. And though the marginal note says a mandamus would lie from the circuit court, no such opinion is seen to have been there given. It is only suggested, whether a writ of certiorari might not lie from the circuit court. On the contrary, the counsel strenuously contended that no mandamus would lie from the circuit court, and that the latter has no jurisdiction over the case till it actually came there. See 4 Hen. & M. 178, 179.

In M'Intire v. Wood, 7 Cranch [11 U. S.] 504, it was held that a mandamus did not lie from the circuit court to an officer of the United States; and though that speaks generally of the power of this court to issue it in order to sustain its jurisdiction, and the decision in Cooke rests on that power of superior courts to enforce their jurisdiction over inferior ones by mandamus, yet it is very questionable whether a case like the present ought to be considered within that principle. It is a correct principle between inferior and superior courts of the same government, but difficult to be upheld between courts established by separate governments. If necessary to decide on this, it might require more grave consideration before sustaining it in cases like this, because being a mode of redress very likely to lead to jealousies and collisions

between the states and general government of a character anything but desirable. 4 Hen. & M. 179. I am convinced, also, that where a discretion is given by law to the state courts to inquire into and be satisfied of the true amount of damages, as here, that this court ought not to interfere by a mandamus, although the result reached might not be exactly what this court should think correct. 2 Cow. 458, 479; 1 Cow. 417; 7 Cow. 366; Gray v. Bridge, 11 Pick. 189. Especially is this so, if the state court appears to have acted within the line of its discretion, and with fairness, instead of clearly abusing the discretion entrusted to it. 2 M'Cord, 170.

The prayer of the petition cannot, therefore, be granted.