*D. S. Major*, for appellant.

---

### McVey and Others *v.* Heavenridge and Others.

PRACTICE.—*Location of Highways.—Appeal Bond.*—A bond signed by the appellants only, is not a bond with surety as required by the statute allowing an appeal from the decision of the Board of County Commissioners in a proceeding for the location of a highway (1 G. & H. 364, sec. 26); nor can the defect be cured by filing a proper bond in the appellate court.

APPEAL from the Marion Civil Circuit Court.

RAY, C. J.—The appellees commenced proceedings before the Board of Commissioners of Marion county, for the purpose of having a highway located through the grounds

McVey and Others *v.* Heavenridge and Others.

of the appellants. The Commissioners acted upon the petition, and received a report of viewers, and upon a remonstrance being filed, appointed reviewers, who reported the proposed road to be of public utility, but did not make any allowance for damages to the owners of the land over which the road was located. A petition was thereupon filed, asking such damages to be properly ascertained by new viewers. The petition was rejected. An appeal was prayed from this decision to the Marion Circuit Court, on behalf of the owners of the land, and allowed upon a bond being filed within thirty days, with proper security thereon. Subsequently, an appeal bond was filed, which recited that, "whereas, James McVey, James C. Myers, Jacob Myers, and Lucinda Hines have appealed from the decision of the Board of Commissioners," &c. This bond was signed only by the appellants, and was approved by the auditor, and the papers filed in the Marion Civil Circuit Court, where a motion was made to strike the appeal from the files of the court, for the reason, among others, that no bond with surety as required by law had been filed. The motion was sustained, and to this ruling the appellants object.

The statute provides that the appeal shall be, upon the person aggrieved "filing a bond, with surety and penalty, to be approved by the auditor of such county." 1 G. & H. 364, sec. 26. A bond without a surety does not, therefore, work an appeal. We cannot extend the language of the statute. Nor could the Circuit Court grant an appeal upon a proper bond being filed in that court. Where the law had been complied with, and a bond with surety and penalty filed, to the approval of the auditor, it may be that the Circuit Court might require additional and sufficient security; but this question is not before us for decision.

The judgment is affirmed, with costs.

*W. Wallace,* for appellants.

*R. B. & J. S. Duncan,* for appellees.