HUFF *v.* KIMBALL, TREASURER OF STATE.

PLEADING.—*Mandate.*—*Treasurer of State.*—*Warrant.*—To sustain a mandate against the treasurer of state, requiring him to pay a warrant drawn by the auditor of state, July 13th, 1859, on the swamp land fund, and presented for payment September 25th, 1869, it was not sufficient that it was alleged, that there was money in the treasury applicable to the payment when the warrant was drawn, but it should also have been averred that there were sufficient funds in the treasury proper to be so applied when the warrant was presented.

APPEAL from the Marion Circuit Court.

DOWNEY, J.—This was a proceeding by mandate instituted by Huff against the appellee, to compel him to pay a warrant drawn on the treasurer of state by the auditor of state, in favor of one Jacob Merkle, and assigned by him to the appellant. The warrant, a copy of which is filed with the affidavit, is as follows:

"No. 9,055.   SWAMP LANDS, *JASPER CO.,*   $3,475.00
STATE OF INDIANA.

TREASURY DEPARTMENT, AUDITOR'S OFFICE, }
INDIANAPOLIS, July 13th, 1859. }

"The treasurer of state will pay to Jacob Merkle the sum of thirty-four hundred and seventy-five dollars and —— cents, and this shall be his warrant. Services, commissions, etc.               JOHN W. DODD, Auditor of State."

It is stated in the affidavit that the appellant is the holder and owner of the warrant; that the warrant was duly registered on the books in the office of the auditor at the date of its issue, and that the then treasurer of state of said State of Indiana had due and legal notice thereof; that at the date of issuing said warrant there were, as affiant is informed and believes, funds in the hands of the treasurer of state, as such, not otherwise appropriated, applicable to the payment of said warrant, out of which it might have been paid. Affiant further says that in the year 1861, Merkle, for a valuable consideration, assigned said warrant to him by indorsement thereon under his hand; that before the making of this affidavit, on the 25th day of September, 1869, at the office of

the treasurer of said State, within business hours, he presented the said warrant to the said Kimball, then and still treasurer of state, and demanded payment of the same, which he then and there refused, and still refuses to make, in whole or in part, and it still remains unpaid; wherefore, etc.

The defendant demurred to the affidavit, and his demurrer was sustained, and final judgment rendered for the defendant.

The sustaining of the demurrer is the error assigned. There is a motion made by the appellee, based on an affidavit of his, stating that on the 10th day of February, 1871, he ceased to be treasurer of state, and James B. Ryan became his successor in that office, in which he asked that the appeal may for that reason be dismissed. The questions presented may be stated as follows:

First. Should the appeal be dismissed for the reason assigned?

Second. If not, is the warrant assignable or negotiable so as to enable Huff, as the assignee or indorsee, to maintain the action upon it?

Third. Are the facts stated in the affidavit sufficient to justify the issuing of a peremptory mandate?

As we have reached a conclusion on the last point in favor of the appellee, it will not be necessary that we shall decide the other questions.

It is insisted with reference to this third point by the appellant, " that the issuing of the warrant was an appropriation of the amount it called for from the time the treasurer had notice of the issuing of the warrant, and that from that time the money was held in the treasury in trust for the holder of the warrant, and by presumption of law it remained in the hands of the treasurer when the demand was made." The position contended for amounts to this, that when such a warrant is drawn by the auditor upon the treasuer of state, and duly registered by him, and the treasurer has notice of this, as it is alleged he had in this case, the treasurer must thereafter hold the amount of money called for by the war-

rant in trust for the party in whose favor the warrant is drawn, and that such party, or his assignee or indorsee, may at any time thereafter demand and receive the amount.

The warrant in this case was drawn July 13th, 1859, and was never presented until September 25th, 1869, more than ten years afterward. If the sum of money becomes set apart and specially appropriated in trust for the party who holds the warrant, must each successive treasurer receive it from his predecessor, and hold it in trust from year to year and from term to term? We cannot think so. We have examined the statutes on the subject of the sale, etc., of the swamp lands and the duties of the auditor and treasurer of state relating thereto, and find no provision justifying such conclusion. The warrant is not payable out of the general fund, but out of the swamp land fund of the particular county in the hands of the treasurer of state. We think it should have appeared that there was money in the hands of the treasurer when the order was presented, applicable to its payment, and that it is not enough to allege that the money was in the hands of the treasurer when the warrant was drawn. The seventh section of the act to provide a treasury system, Acts of 1859, p. 230, provides that if there be money of such fund in the treasury when the warrant is presented, the treasurer shall pay it, and not otherwise. The warrant could not have been paid out of any other fund than the swamp land fund of the particular county, and if that fund, supposing it to have been in the treasury when the order was drawn, had been improperly paid out, it would be a question whether the State could be made liable to pay it out of the general fund, or whether the remedy would not be against the officer.

The judgment is affirmed, with costs.

*S. A. Huff* and *B. W. Langdon,* for appellant.

*J. N. Kimball,* for appellee.