## SCOTTEN ET AL. *v.* DIVELBISS ET AL.

APPEAL.—*County Commissioners.*—*Appeal Bond.*—Where an appeal is taken to the circuit court by remonstrants from an order of the board of county commissioners directing a change in a highway, the appeal bond must be approved by the county auditor; and if not so approved, the appeal may be dismissed.

SAME.—If the appeal bond be not so approved, there is no valid appeal, and the defect cannot be cured by filing a bond in the circuit court.

TRANSCRIPT.—*Motion to Perfect.*—A motion to have made out and returned a full and complete transcript of a cause pending on an appeal from the board of county commissioners is rightly overruled, where it does not appear but that the transcript already on file is full and complete.

From the Huntington Circuit Court.

*J. R. Slack, B. F. Ibach,* and *G. W. Shultz,* for appellants.
*H. B. Sayler* and *J. B. Kenner,* for appellees.

WORDEN, C. J.—The appellees petitioned the board of commissioners for a change in a highway. The appellants remonstrated. Such proceedings were had before the board as that the change was granted. The remonstrants appealed to the circuit court.

The record shows that the bond executed for the appeal to the circuit court was "accepted and approved by the board and appeal granted."

In the circuit court, the appellees moved to dismiss the

appeal, on the ground that the bond filed had no sureties thereon, and had not been approved by the auditor as required by law. The appeal bond was signed only by John J. Scotten and Robert White, who were two of the remonstrants; so there were no sureties on the bond unless Ibach and Shultz, whose names are upon the bond as "attorneys for the remonstrators," are to be regarded as sureties. The appellees proved by the auditor that he had at no time approved the bond. The court thereupon dismissed the appeal, and the appellants excepted.

The decision was clearly right. The bond in such case is required to be approved by the auditor. 1 G. & H. 364, sec. 26; *Shepherd* v. *Dodd,* 15 Ind. 217; *McVey* v. *Heavenridge,* 30 Ind. 100.

Pending the motion to dismiss, the appellants moved to be permitted to place on file a new bond, with good and sufficient surety, but this motion was overruled, and exception taken. This ruling, according to the case of *McVey* v. *Heavenridge, supra,* was right. There having been no valid appeal taken by the filing of a bond to the approval of the auditor, the defect could not be cured by the filing of a bond in the circuit court. Besides this, no bond was produced and exhibited to the court for its inspection and approval, even if the court had power to approve such bond. See *Richardson* v. *Howk,* 45 Ind. 451, and *The State* v. *Toohy, post,* p. 378.

Pending the motion to dismiss the appeal, the appellants moved the court for an order on the auditor to make out and return to the court a full and complete transcript of the proceedings in the cause, which motion was overruled, and exception taken. This ruling does not appear to have been erroneous, inasmuch as it does not appear but that the transcript already filed was full and complete. There was no affidavit or other showing that the transcript filed was defective.

On the dismissal of the appeal, the court rendered judgment for costs against the appellants, and this is assigned for

·error. The bill of exceptions filed in the cause does not show that any objection was made or exception taken to the judgment for costs.

The judgment below is affirmed, with costs.