## MURPHY v. STEELE.

APPEAL BOND.—*Justice of the Peace.*—The provision in section 66 of the act concerning justices of the peace, 2 G. & H. 595, that no appeal from a justice of the peace to the circuit court shall be dismissed for the insufficiency of the appeal bond, if the appellant will file a sufficient bond to the acceptance of the court, is broad enough to embrace any insufficiency of the bond, including that caused by its being executed by the appellant alone without any surety.

From the Henry Circuit Court.

*Forkner & Bundy,* for appellant.

*Brown & Brown,* for appellee.

BUSKIRK, J.—The appellant sued the appellee before a justice of the peace, where there was judgment for appellee, from which appellant appealed to the circuit court. The justice of the peace approved a bond executed by the appellant alone and filed the original papers and a transcript of his proceedings in the office of the clerk of the circuit court.

In the circuit court, the defendant moved to dismiss the appeal, on the ground that there was no sufficient appeal bond on file. Pending this motion, the plaintiff tendered to the court for its acceptance an appeal bond, regular in all respects and with sufficient surety. The court found that the surety on the bond so tendered was sufficient, and that

the bond so tendered was in all respects regular, but refused to accept the same, and sustained the motion to dismiss the appeal, for the reason that no surety was upon said bond when it was approved by the justice from whom the appeal was taken, and because no surety was placed upon said bond within thirty days from the rendition of the judgment by the justice of the peace.

· The error assigned calls in question the correctness of the action of the court in dismissing said appeal.   Sec. 64, 2 G. & H. 593, provides that any party may appeal from the judgment of any justice of the peace to the circuit court, etc., within thirty days from the rendition of the judgment, etc. It is provided by section 65 of said act, that the appellant shall, except in cases where the same is dispensed with by law, file with the justice a bond with security, to be approved by the justice, payable, etc., and conditioned, etc.

Section 66 provides that, on the filing of such bond, the justice shall make out and certify a complete transcript of all proceedings had before him, and transmit the same, together with such bond and all other papers in the cause, to the clerk of the court of common pleas, or the circuit court, to which the appeal is taken, within twenty days thereafter, or failing so to do, shall forfeit all his cost in the case; but no such appeal shall be dismissed for such failure of the justice, nor for the insufficiency of the bond, if the appellant will file a sufficient bond to the acceptance of the court of common pleas or circuit court.

We think the court erred in dismissing the appeal.   In our judgment, the *proviso* to section 66 is broad enough to embrace any "insufficiency of the bond." It is conceded in argument, that if worthless surety had been taken by the justice, the appellant might have given bond in the circuit court with sufficient surety.   The legislature has not defined what kind of insufficiency was intended, and the statute, being a remedial one, should receive a liberal and beneficial construction.

The cases of *Shepherd* v. *Dodd*, 15 Ind. 217, *McVey* v.

*Heavenridge,* 30 Ind. 100, and *Scotten* v. *Divelbiss,* 46 Ind. 301, have been pressed upon our attention by counsel for appellee, but we think such cases are clearly distinguishable from the one in judgment.   In the above cases, appeals had been taken from the board of county commissioners to the circuit court without giving bond as required by statute, and it was held that the defect could not be remedied by giving bond in the circuit court.   There was no provision, in the statute regulating appeals from the board of county commissioners to the circuit court, that appeals shall not be dismissed if sufficient bonds are filed therein.   In the absence of the *proviso* to section 66 above quoted, we should hold as was held in the three cases above cited.   The act of February 25th, 1875 (See Acts Reg. Session, 112), provides· that an appeal from a board of county commissioners shall not be dismissed in the circuit court on account of the appeal bond being defective in substance or form or for want of approval, if the appellant will, when required, file a sufficient bond.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to accept and approve the bond tendered and, to overrule the motion to dismiss the appeal, and for further proceedings in the cause.