THE INDIANAPOLIS, PERU AND CHICAGO R. W. Co. *v.* BEAM ET AL.

JUSTICE OF THE PEACE.—*Appeal to Circuit Court.—Appeal Bond Executed Without Surety.—Mandate.—*A party, against whom a judgment had been rendered by a justice of the peace, tendered to the justice a bond executed by him without any surety, and demanded an appeal to the circuit court.

*Held,* in an action by such judgment defendant, against such justice and the judgment plaintiff, for a writ of mandate to compel the granting of such appeal, that such bond was insufficient.

From the Marshall Circuit Court.

*D. Moss,* for appellant.

*W. B. Hess,* for appellees.

NIBLACK, J.—The Indianapolis, Peru and Chicago Railway Company filed its complaint in the court below, verified by the affidavit of its agent, showing, amongst other things not necessary to be stated here, that one Richard Williams recovered a judgment against said railway com-

pany, for the sum of fifty dollars and costs, before Jacob Beam, a justice of the peace of Walnut township, in the county of Marshall; that, within thirty days after the rendition of such judgment, said railway company tendered to the said justice a good and sufficient appeal bond, in the penal sum of one hundred and twenty-five dollars, payable to the said Richard Williams, and executed by the said railway company by its proper officer and agent, and demanded an appeal from said judgment to the Marshall Circuit Court; that the said justice failed and refused to approve said appeal bond, and had also failed and refused to transmit to said circuit court a transcript of the proceedings before said justice, or any other papers in said cause; that said railway company was solvent, and was the owner of several thousand dollars worth of property in said county of Marshall, subject to execution.

Wherefore the said railway company prayed, that a mandate might issue to the said justice, requiring him to approve said appeal bond, and to transmit a transcript of the proceedings, together with the other papers in the cause, to the said circuit court.

Beam and Williams, both of whom were made defendants, demurred to the complaint, and the court sustained their demurrer, and refused to issue a mandate against said justice, as prayed for by the complaint.

The only question presented for our decision is, was the justice justified in refusing to approve the appeal bond tendered to him, signed as it was, only by the party demanding the appeal, granting that such party was amply able to respond to any damages that might be recovered upon such bond?

Section 65 of the act relating to justices' courts, which treats of appeals from such courts, enacts, that " The appellant shall, except in cases where the same is dispensed with by law, file with the justice a bond with security, to

be approved by the justice, payable to the appellee, in a sum sufficient to secure the claim of the appellee, and interest and costs, conditioned that he will prosecute his appeal to effect, and pay the judgment that may be rendered against him in the * * circuit court." 2 R. S. 1876, p. 622.

The fair construction of this section of the statute evidently is, that, to entitle a party to an appeal from the judgment of a justice, he must file with such justice a bond, with the name of some other person besides, or other than, his own, signed to it as surety in such bond.

The case of *Murphy* v. *Steele*, 51 Ind. 81, cited by counsel for the appellant, does not conflict with this construction. On the contrary, it appears to us, by implication, to fully sustain it. In that case, the appeal from the justice had been dismissed in the court below, because the appeal bond had no name signed to it as surety, and it was plainly intimated by this court, that such appeal would have been properly dismissed, if the party appealing had not, in time, tendered a new bond, with sufficient surety.

With this construction of the section of the statute above quoted, we are necessarily required to hold, that the court below did not err in refusing a mandate against the appellee Beam upon the facts as set up in the appellant's complaint.

The judgment is affirmed, at the costs of the appellant.