No. 10,699.

LEFFEL ET AL. *v.* OBENCHAIN ET AL.

HIGHWAY.—*Location of.*—*Remonstrants.*—*Separate Appeals.*—*Bond.*—*Surety.* —Where a proposed highway affects the respective lands of several persons, and each of them files before the board of commissioners his separate remonstrance on the ground that such road will not be of public utility, and that he will sustain damages by its location, each may appeal from the order made against him by filing bond, with his co-remonstrator as his surety.

SAME.—*Dismissal.*—*Sufficient Bond.*—After the consolidation of such cases in the circuit court, such appeal will not be dismissed because none of the bonds filed are signed by any person other than one of the other remonstrators for damages.

COSTS.—*Bill of Exceptions.*—*Supreme Court.*—The ruling upon a motion to tax costs must be preserved by a bill of exceptions, in order to present any question upon such ruling in the Supreme Court.

From the Cass Circuit Court.

*F. Swigart, M. Winfield* and *Q. A. Myers,* for appellants.
*J. C. Nelson* and *D. B. McConnell,* for appellees.

BEST, C.—The appellant filed a petition before the board of commissioners of Cass county for the location of a highway. Viewers were appointed, who reported in favor of its

public utility, after which nine persons, each of whom owned
land through which the road runs, filed separate remon-
strances on the ground that the highway would not be of
public utility, and that each would sustain damages by its
location.   Reviewers were thereupon appointed, who re-
ported in favor of the public utility of the road, and assessed
damages in favor of each remonstrator.   Each then appealed
to the circuit court by filing his bond, with one of the other
remonstrators as his surety.   Separate transcripts were made
and separate cases docketed in the circuit court.   These were
ordered consolidated, after which the appellants moved to
dismiss the appeal on the ground that an appeal bond had
not been executed with surety as required by statute.   This
motion was overruled, the cause tried, the road adjudged to
be of public utility, and a larger amount of damages assessed
to each remonstrator, after which the record recites that an
unavailing motion was made by the appellants to tax costs.

The refusal of the court to dismiss the appeal and to tax
costs are assigned as error.

The motion to dismiss the appeal proceeds upon the as-
sumption that there can be but one appeal in these proceed-
ings, to which all appellants must be parties, and as no other
person signed any bond in this case, as a surety, there is,
therefore, no surety upon the appeal bond, as required by
statute.   In support of this position appellants rely upon
the cases of *McVey* v. *Heavenridge*, 30 Ind. 100, and *Scotten*
v. *Divelbiss*, 46 Ind. 301.   Neither of these cases supports
them.   In *McVey* v. *Heavenridge, supra*, it does not appear
that the land affected by the location of the highway was not
jointly owned by the appellants.   It does appear that they
filed a petition asking for the assessment of damages, and
after this was refused they joined in an appeal bond without
a surety.   For this reason the appeal was dismissed.   If
they owned the land jointly or as tenants in common, they
were required to unite in a remonstrance, and, in order to ap-
peal, to execute a bond, with some other person as surety.

In *Scotten* v. *Divelbiss, supra,* the appellants remonstrated. For what cause does not appear; presumably, because the highway would not be of public utility. They appealed without surety and without the auditor's approval of their bond, and for these reasons the appeal was dismissed. If they united in a remonstrance they could not appeal without giving bond with surety as required by statute, and hence the appeal was properly dismissed.

Neither of these cases holds or intimates that a person whose lands are affected by the location of a highway, and who has remonstrated, asking damages, may not himself appeal, without uniting with others who may have remonstrated in such proceeding either because the road is not of public utility, or because he has been damaged by locating such highway through his lands. In such case we know of no reason why any person who has filed his remonstrance because of damages sustained by him may not appeal, and if more than one person have filed separate remonstrances, for such cause, we know of no reason why each may not appeal from the order made upon their respective remonstrances. In this way only can they assert their respective rights. The appeal of one does not vacate the order made in relation to another, but in order to do so the person affected by the order must appeal. If A. is allowed $100 damages, and B. appeals from the order made for or against him, such appeal will not vacate the order in favor of A. The order in favor of each is in the nature of a judgment, and can only be vacated by an appeal taken by the person in whose favor it is made, or by the opposite party. In this respect these proceedings are very analogous to attachment proceedings, where creditors file their claims under the original proceeding. For some purposes such proceedings constitute but one suit; while for other purposes they constitute separate suits. *Henderson* v. *Bliss,* 8 Ind. 100.

So proceedings to establish a highway, when several remonstrators file separate remonstrances for the damages sustained by each of them, constitute a single suit for some pur-

poses; while for others they constitute separate suits. An issue formed by A. as to his damages affects him and the petitioners alone. No other remonstrator is interested in it, and no appeal from an order awarding or refusing .another remonstrator damages can affect it. This must, in the very nature of things, be so when the remonstrance is for damages alone. The remonstrances in this case were not for damages alone, but for damages and for want of public utility. Both causes may be embraced in the same remonstrance. *Butterworth* v. *Bartlett,* 50 Ind. 537; *Peed* v. *Brenneman,* 72 Ind. 288. The union of these two causes in the remonstrances does not, in our opinion, change the character of the issue as to damages. This can not affect any one except the remonstrator and the petitioners, and it, therefore, tenders a separate.issue. The trial of such issue may affect an award made to some other remonstrator for damages, but it will not necessarily do so. If, upon the trial of such issue in the circuit court, the road is found not to be of public utility, the judgment would probably annul every allowance for damages, whether an appeal had been taken from such allowances or not, but if found to be of public utility, allowances unappealed from would be unaffected, and, hence, such remonstrance must be regarded as tendering a separate issue. If separate, a party who is dissatisfied with his allowance must appeal in order to have the question re-tried in the circuit court. For these reasons, we think each remonstrator could appeal from his allowance, and that his bond was not bad simply because signed by some other remonstrator as surety.

Neither the motion to tax costs nor the ruling of the court thereon is preserved by a bill of exceptions, and hence the record presents no question in relation thereto.

There is no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the appellants' costs.