Filed June 7, 1884.

---

No. 11,240.

## SHIRK ET AL. *v.* MOORE ET AL.

COUNTY COMMISSIONERS.— *Appeal.— Transcript. — Bond.— Approval.— Dismissal.*—There is no error in the dismissal of an appeal from the board of county commissioners, when it appears that no appeal bond, approved by the county auditor, and no complete transcript of the proceedings of the county board, were filed in the circuit court.

From the Delaware Circuit Court.

*O. J. Lotz* and *F. Ellis,* for appellants.

*J. S. Buckles* and *J. W. Ryan,* for appellees.

HOWK, J.—The record of this cause shows that on the 17th day of April, 1882, the appellants, Adam Shirk and others,

filed in the clerk's office of the court below, among numerous original papers, a "transcript on appeal to said court from the board of commissioners of Delaware county." Afterwards, the appellees, Daniel B. Moore and others, appeared and moved the court in writing to dismiss such appeal for the following reasons: "1. Because the same is unauthorized by law; 2. Because the court has no jurisdiction; 3. Because the appeal is not taken from the judgment of any court; 4. Because not taken from any final judgment of the board of commissioners." This motion was sustained by the court, and the appeal was dismissed at the appellants' costs; and judgment was rendered accordingly.

Did the circuit court err in dismissing the appeal thereto from the board of commissioners? We are of opinion that this question must be answered in the negative. The appeal to the circuit court was attempted and intended to be taken from certain proceedings of the board of commissioners, upon the petition of the appellees for the location and construction of a certain free gravel road, in accordance with the provisions of the act of March 3d, 1877. Such a petition is the first thing appearing in the record filed in this court, but it is not shown when it was presented to the county board, or, indeed, that it was ever so presented. In section 5772, R. S. 1881, it is provided that "From any decision of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved." In the next section, 5773, it is provided that "Such appeal shall be taken within thirty days after the time such decision was made by the appellant filing with the county auditor a bond," etc., "to be approved by said auditor," etc. The record before us fails to show that any bond was filed by the appellants with and approved by the county auditor within thirty days after the decision was made, or at any time afterwards. In the next section, 5774, it is provided as follows: "Within twenty days after the filing of such appeal bond, the auditor shall make out a complete transcript of the proceedings of said board relating to the proceeding

appealed from, and shall deliver the same, and all the papers and documents filed in such proceeding, and the appeal bond, to the clerk of the court to which the appeal is taken."

It is not shown in the record of this cause that a complete transcript of the proceedings of the county board, upon the appellees' petition, was ever filed in the circuit court. On the contrary, it is clearly shown by the transcript there filed, which is set out in the record before us, that it was not a complete transcript of the proceedings of the board upon such petition. It purports on its face to be a transcript merely of the proceedings of the board on the 15th day of March, 1882. We have already said that it does not appear from the record filed in this court when the appellees' petition was presented to the county board; but the transcript filed in the circuit court shows that such petition was before the county board at its December term, 1881, and that some action was then had thereon. This transcript began as follows:

"Come now William Truitt, engineer, and William A. McClellan, John Linville and Duncan Williams, viewers, appointed at the regular December term of this board, and submit their report as such engineer and viewers, as follows, to wit: (Here insert)."

The transcript does not contain the proceedings of the board at its "regular December term," and manifestly, therefore, it is not "a complete transcript of the proceedings of said board."

In the absence from the record of a complete transcript of the proceedings of the county board appealed from, and of any appeal bond, approved as aforesaid, by which an appeal is taken, we think the circuit court was justified in holding as it did, that the appellants had not perfected their appeal in such manner as to give it jurisdiction thereof. We conclude, therefore, that the court committed no error in sustaining the appellees' motion to dismiss such appeal. *Shepherd* v. *Dodd,* 15 Ind. 217; *McVey* v. *Heavenridge,* 30 Ind. 100: *Scotten* v. *Divelbiss,* 46 Ind. 301; *Leffel* v. *Obenchain,* 90 Ind. 50.

Besides, the written report of the engineer and viewers, to which the appellants filed written exceptions, is not a part of the record. In the absence of this report, we must hold that the circuit court was authorized to dismiss the appeal, and that, in so doing, its ruling was not erroneous. *Purviance* v. *Drover*, 20 Ind. 238.

The judgment is affirmed, with costs.

Filed June 7, 1884.