Filed April 21, 1885.

No. 11,925.

## FLEMING ET AL. *v.* HIGHT ET AL.

FREE TURNPIKE.—*Appeal.*—*Proof of Number of Petitioners.*—On an appeal to the circuit court from an order of the board of county commissioners for the making of a free turnpike, in a proceeding under section 5091, *et seq.*, R. S. 1881, the proceeding stands for trial *de novo* in the circuit court, and upon such trial the burden is on the petitioners for the improvement to prove that when said order was made by said board, the petition had been signed by the proper number of persons, as required by section 5095, R. S. 1881.

SAME.—*Appeal Bond.*—*Time of Filing.*—Such an order having been made by the board of county commissioners on the 7th of June, an appeal bond was filed and approved on the 7th of the next month.

*Held*, that the bond was filed within thirty days after the decision and in proper time.

From the Monroe Circuit Court.

*E. K. Millen, M. F. Dunn* and *R. A. Fulk*, for appellants.
*J. W. Buskirk* and *H. C. Duncan*, for appellees.

COLERICK, C.—The appellees presented to the board of commissioners of Monroe county their petition for the construction of a free gravel road, under the statute authorizing the construction of such roads (R. S. 1881, section 5091, etc.), accompanied with a bond, as required by the statute, and, thereupon, the board appointed viewers and a surveyor to view the proposed route, and, if they found that the improvement petitioned for would be of public utility, to lay out and mark the road, and designated a time and place for the meet-

Fleming *et al. v.* Hight *et al.*

ing of the viewers and surveyor for that purpose, and directed the auditor of the county to give notice by publication of the time and place of said meeting, as provided by law, which notice was properly given, as directed. Afterwards the viewers and surveyor reported to the board that they had viewed the proposed road, and, having determined that the improvement prayed for would be of public utility, had laid out and marked said road as described in their report; and they presented with, and as a part of, their report, a list of the lots and lands that would be benefited by the improvement, and which ought to be assessed for the expenses of the same. The board approved the report, and ordered the improvement to be made. No one at any time appeared before the board in opposition to the proceeding. After said order was made, and before any further steps were taken in the matter, the appellants, within the time allowed by law for that purpose, appealed from the decision of the board ordering said improvement to be made to the circuit court, by filing with the county auditor an affidavit and bond, which, under the statute, entitled the appellants to such appeal.

In the circuit court the appellees moved to dismiss the appeal upon the alleged grounds :

1. That the appeal had been prematurely taken, that is, before the proceeding had been finally disposed of by the board of commissioners.

2. That the matters presented by the affidavit filed by the appellants to obtain their appeal were such as could not be tried in the circuit court.

3. That no questions except those of a jurisdictional character were presented by the record, and that by reason of the non-appearance of the appellants to the proceedings before the board of commissioners, all objections to the questions thus presented had been waived.

4. That as the appellants did not appear before the board of commissioners, the affidavit and appeal bond did not make them proper parties to the cause in the circuit court.

The motion to dismiss the appeal was sustained, and from that decision the appellants appealed to this court, where the judgment of the court below was reversed. See *Fleming* v. *Hight*, 95 Ind. 78. It was then said by this court, NIBLACK, J.: " The order of the board of commissioners establishing the road laid out and marked by the viewers, and directing its construction, was such an order as might be appealed from to the circuit court," and, after citing many decisions of this court to that effect, continued: " These cases, with others which might be cited, also recognize, and, in various ways, affirm, the legal proposition that, upon an appeal from the decision of a board of commissioners in a case like this, the circuit court takes jurisdiction of the proceedings appealed from as an original cause, and not as an appellate court charged with a review merely of those proceedings upon specific objections urged, or errors assigned, by the appellant, and the appellant is not precluded by the proceedings from which he appeals, except in preliminary or incidental matters to which, when opportunity was afforded him, he failed to make objection before the commissioners. Therefore, the cases cited by counsel, which hold that certain proceedings had before boards of commissioners are impervious to collateral attack, have no application to cases in which such proceedings have been directly appealed from to the circuit court, and consequently stand for trial *de novo* in that court."

Upon the remanding of the cause to the court below, it reconsidered its action in dismissing the appeal and overruled the motion to dismiss the same, and thereupon the appellees made another motion, founded upon other alleged grounds, to dismiss the appeal, which motion, to which we will hereafter more fully refer, was overruled. The cause was then tried by the court, and at the request of the parties the court made a special finding of the facts therein and stated its conclusion of law thereon, as follows:

" 1. I find that on the 25th day of April, 1883, the following petition was filed before the board of commissioners

of Monroe county." (Here the petition which was presented to the board by the appellees for the construction of the proposed gravel road was set forth.)

" 2. I find that said petition was signed by Wallace Hight,. Emily Hight, William A. Rogers, James M. Howe, H. C. Duncan and William Burke, Jr., and that said subscribers are land-holders, whose lands will be assessed for the cost of said improvement.

" 3. I find that said petitioners filed a bond as required by law, signed by Wallace Hight and Henry Henley, which bond was approved by the board.

" 4. I find that thereupon the board appointed William Lyford, John Harrell and William Strean, who were disinterested freeholders of Monroe county, to act as viewers, and Henry Henley to act as surveyor and engineer, and appointed the 21st day of May, 1883, for said viewers and engineer to examine, view, lay out and straighten said road.

" 5. I find that the auditor of said Monroe county gave notice of the filing of said petition, and the appointment of said viewers and said engineer, as required by law, which notice is in the words and figures as follows: " (Here the notice referred to is recited.)

" 6. I find that on the 7th day of June, 1883, said viewers and engineer filed their report before said board, which report reads in the words and figures as follows: " (Here the report is fully set forth.)

" 7. I find that upon the filing of said report the following proceedings were had before said board, as shown by the records of said board, as follows :" (Here the order of the board of commissioners ordering said improvement to be made, and specifying the manner in which it should be made, and appointing viewers to apportion the estimated expenses of the improvement upon the real estate described in the report of the first viewers according to the benefits to be derived therefrom, was set forth.)

" 8. I find that at no time during the pendency of said

proceeding did any one appear before said board and object to any part of said proceedings.

"9. I find that on the 7th day of July, 1883, Lewis Wey.-mer and Stephen Fleming filed the following affidavit in the auditor's office of said Monroe county:" (Here the affidavit that was filed by the appellants, to enable them to appeal from the decision of the board, is set forth); "and also on said 7th day of July, 1883, they filed the following appeal bond:" (Here the bond is recited.)

"From which finding of facts, I find as a conclusion of law in favor of the plaintiffs and against the defendants Fleming and Weymer, to which said conclusion of law the said defendants at the time objected and excepted.

"FRANCIS WILSON, Judge."

And thereupon the appellants moved the court for a new trial, for the following reasons:

1. Because the finding and decision of the court was not sustained by sufficient evidence.

2. Because the finding and decision of the court was contrary to law.

3. Because of error of law occurring at the trial, in this, the court erred in refusing to allow the appellants to prove that the petition filed before the board of commissioners and introduced in evidence in this cause, upon which the board made the order appealed from in this case, was not at any time signed by a majority of the resident land-owners whose lands were reported as benefited and ought to be assessed, nor the owners of a majority of the whole number of acres of the lands reported as benefited and liable to be assessed for the cost of the improvement mentioned in said order.

The motion for a new trial was overruled, and judgment rendered in favor of the appellees, from which the appellants appeal to this court, and assign as errors that the court below erred in its ruling on the motion for a new trial, and in its conclusion of law upon the facts specially found.

The principal question presented for our consideration is,

Was it essential for the court to find as a fact that, at the time of the making of the order by the board of commissioners ordering the proposed improvement to be made, the petition therefor had been signed by the number of persons required by the statute under and by virtue of which alone the making of the improvement was authorized? We think so. The statute provides: " Upon the return of the report mentioned in the last section " (referring to the report of the first viewers), " the commissioners shall, if in their opinion public utility require it, enter upon the record an order that the improvement be made; which order shall state the kind of improvement to be made, the width and extent of the same, and the lands which shall be assessed for the expense of the same; but such order *shall not* be made until a majority of the resident land-holders of the county whose lands are reported as benefited and ought to be assessed, and also the owners of a majority of the whole number of acres of all lands that are reported as benefited and ought to be assessed, shall have subscribed the petition mentioned in the second section of this act " (referring to the petition for the improvement), etc. R. S. 1881, section 5095.

This provision of the statute is mandatory. It expressly prohibits the board of commissioners from making such order until the petition is so signed. It was evidently enacted to prevent a minority of those who would be affected by the improvement from imposing by their action burdens in the form of taxation upon the property of the others, without their consent. Such statutes have always been, and must be, strictly construed. If a board of commissioners, in defiance of the plain provisions of the statute, order such an improvement to be made, when the petition therefor is not signed by the number of persons required by the statute, its order so made will be, on appeal therefrom, vacated, for the want of power on the part of the board to make it.

In *Doctor* v. *Hartman,* 74 Ind. 221, it was correctly said by this court, that " The commissioners' court, as is well known,

is one of special limited jurisdiction, possessing only such powers as the statute confers. Not only is its jurisdiction restricted, but the mode of exercising the authority conferred is a limited statutory one. * * * The general doctrine which applies to the proceedings of the board of commissioners is well stated and applied in *White* v. *Conover*, 5 Blackf. 462. It was there said: ' We conceive the law to be, that when statutory powers are conferred upon a court of inferior jurisdiction, and a mode of executing those powers is prescribed, the course pointed out must be substantially pursued, or the acts and judgments of the court are *coram non judice* and void.' This doctrine has been approved over and over again by this court."

In the case under consideration, the appeal from the order of the board of commissioners operated, for the purposes of the appeal, as a vacation of the order. See *Grimwood* v. *Macke*, 79 Ind. 100. And, therefore, it devolved upon the appellees, on whom the burden of proof rested, to establish by proper and sufficient proof the fact, if it existed, that the petition for the improvement had been signed by the requisite number of persons, and in the absence of such proof the finding of the court should have been in favor of the appellants, regardless of the finding of the board of commissioners. As no such proof was made, the court erred in overruling the motion for a new trial, as the evidence introduced was insufficient to sustain the finding of the court. It also follows from the views above expressed, that, in our opinion, the court below erred, for the reasons stated, in excluding the evidence offered by the appellants, and referred to in the third specification of their motion for a new trial, and for the error so committed the judgment ought to be reversed.

The appellees have assigned by way of cross error, that the court below erred in overruling their last motion to dismiss the appeal. The reasons assigned in support of the motion were:

1. That the appeal bond was not filed in time.

2. That the bond was executed by persons who were parties to the proceeding.

3. That Benton Hough, the surety on the bond, had signed the petition for the improvement.

4.. That the original papers in the proceedings appealed from were not transmitted to the circuit court with the transcript of the proceedings.

5. That the appellee Weymer had signed the petition for the improvement upon which the order appealed from was based.

It appears by the record that the order from which the appeal was taken was made on the 7th day of June, 1883, and the appeal bond was filed and approved on the 7th day of July, 1883. The bond was filed within thirty days after the time the decision appealed from was made, and in time. R. S. 1881, section 5773. The facts upon which the other causes specified in support of the motion were founded do not sufficiently appear in the record to justify us in holding that the court erred in overruling the motion ; for aught that appears it was properly overruled.

PER CURIAM.—The judgment of the court below is reversed, at the costs of the appellees, and the cause is remanded, with instructions to the court to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.

