Wilkinson *et al. v.* Lemasters *et al.*

No. 13,911.

## WILKINSON ET AL. *v.* LEMASTERS ET AL.

GRAVEL ROAD.—*Construction of.—Assessment of Benefits.—County Commissioners.—Right of Appeal From.—To Whom Limited.*—The right of appeal from a judgment of the board of county commissioners ordering the construction of a free gravel road, and affirming the assessment of benefits by the viewers appointed, is limited to persons who appear and file remonstrances before such board. Elliott's Supp., section 1485.

SAME.—*County Commissioners.—Appeal.—Matters Triable.*—Nothing can be tried on appeal from the board of county commissioners except such matters as were in issue before the board, or as may, by leave of court, be put in issue by amended pleadings.

From the Jay Circuit Court.

*J. W. Headington, J. J. M. LaFollette* and *J. T. LaFollette,* for appellants.

*T. Bosworth* and *F. H. Snyder,* for appellees.

MITCHELL, C. J.—Wilkinson and others, whose lands were assessed with benefits, appealed from a judgment of the board of commissioners of Jay county, ordering the construction of a free gravel road according to the prayer of a petition theretofore presented, and affirming the report and assessments made by viewers duly appointed.

The commissioners' record shows the presentation of a petition, the appointment of viewers and an engineer, and a report and assessment of benefits duly made. It also shows the giving of notice in compliance with the statute, and an order directing the improvement to be made, and affirming the assessments.

Without having appeared or remonstrated, the appellants within thirty days filed their bond and appealed from the order thus made to the circuit court. There was a motion in the circuit court to dismiss the appeal, which was overruled. This was followed by a motion on behalf of the ap-

pellants to dismiss the proceedings. ·This latter motion was overruled, and in the same connection the court, of its own motion, set aside its former ruling, and sustained the motion to dismiss the appeal. The appeal was dismissed accordingly, and from this judgment the present appeal is prosecuted.

The settled rule in proceedings of this character is, that nothing can be tried on appeal from the board of commissioners except such matters as were in issue before the board, or as may by leave of court be put in issue by amended pleadings. *McKee* v. *Gould,* 108 Ind. 107; *Mathews* v. *Droud,* 114 Ind. 268.

As there was no appearance and no remonstrance, so as to make any issue before the board of commissioners, the proceeding was, in effect, *ex parte,* and there was nothing to try in the circuit court. Besides, the statute under which the proceedings were had, section 1485, Elliott's Supp., in express terms limits the right of appeal to " any person who appeared and filed a remonstrance before the board of commissioners." There were, therefore, two valid reasons for dismissing the appeal: 1. The appellants had not appeared and filed a remonstrance before the board. 2. There was no issue to try in the circuit court.

It is contended, however, that the court erred in overruling the appellants' motion to dismiss the proceedings, because the board of commissioners never acquired jurisdiction to make any of the orders made, or to take any proceedings in the matter.

The want of jurisdiction is said to arise out of the fact that the petition was not signed by a majority of the resident land-holders of the county whose lands are within two miles of the proposed improvement, and that this fact appears upon the face of the petition. If ·it were conceded that the board had no jurisdiction for the reasons assigned, it would not follow that persons who had not appeared before the board and objected would nevertheless have the right to appeal in the face of the statute which limits the

right of appeal to those who appear and remonstrate. More-ever, the want of jurisdiction does not conclusively appear on the face of the proceedings, and there having been no appearance and objection before the board, it is now too late after the board by assuming jurisdiction must be presumed to have found all the jurisdictional facts necessary to shield their proceedings from collateral attack. *Robinson* v. *Rippey*, 111 Ind. 112; *Osborn* v. *Sutton*, 108 Ind. 443; *Hobbs* v. *Board, etc.*, 116 Ind. 376. There was no error.

The judgment is affirmed, with costs.

Filed Feb. 5, 1890.