Filed May 18, 1892.

---

No. 16,503.

## THE DAYTON GRAVEL ROAD COMPANY v. THE BOARD OF COMMISSIONERS OF TIPPECANOE COUNTY ET AL.

GRAVEL ROADS.—*Remonstrance Against Purchase of.—Order of County Commissioners Sustaining.—Appeal from.*—Where the board of county commissioners, after the preliminary steps had been taken, looking to the purchase of a gravel road, sustained a remonstrance filed before it, against completing the purchase, and entered an order to that effect, and an appeal was taken from such order to the circuit court by the company, the court did not err in overruling a motion filed by the appellant for an order on the board of commissioners to issue the bonds of the county to it in payment for its toll road. The remonstrance set forth that the appellant had no title to a portion of the road which had been appraised, and the issue thus tendered remained untried and undetermined.

SAME.—*Description of Road in Petition.—Sufficiency of.*—A petition filed with the board of county commissioners for an election on the question of purchasing a gravel road, need only contain such a description of the road as will enable the surveyors and viewers to find and identify the road which is to be made the subject of purchase.

SAME.—*Order of County Commissioners.—Right of Company to Appeal.*—The gravel road company, though not a party of record to the proceedings before the board of commissioners, had such an interest in the matter involved as to authorize it to prosecute an appeal to the circuit court.

The Dayton Gravel Road Co. *v.* Board of Comm'rs of Tippecanoe Co. *et al.*

SAME.—*Refusal to Purchase.*—*Final Judgment of County Commissioners.*—*Where Appeal from Lies.*—The final judgment of the board of commissioners refusing to purchase the gravel road involved judicial action from which an appeal would lie, and the only remedy to which the appellant was entitled was that of an appeal to the circuit court.

SAME.—*Sufficiency of Petition.*—*Judgment of County Commissioners Upon.*—Where the board of commissioners ordered an election to pass upon the question of the purchase of a gravel road, it necessarily passed upon the sufficiency of the petition requesting such an election, and having the right to determine whether or not it would proceed on the petition, and having determined that it would proceed, its judgment was not void.

COUNTY COMMISSIONERS.—*Appeal from.*—*What Questions can be Considered*—*Jurisdiction.*—Upon appeal from the board of commissioners to the circuit court no questions can be considered except such as were presented and involved·in the commissioners' court, save the question of jurisdiction.

From the Tippecanoe Circuit Court.

*A. Rice, W. S. Potter, J. R. Coffroth* and *W. R. Coffroth,* for appellant.

*J. B. Milner, J. M. Lowe, D. P. Vinton* and *H. H. Vinton,* for appellees.

COFFEY, J.—On the 15th day of October, 1890, certain of the resident freeholders of the townships of Sheffield, Fairfield and Wea, in Tippecanoe county, filed with board of commissioners of that county the following petition, namely :

" We, the undersigned, respectfully represent to your honorable board that the Dayton Gravel Road is a toll road, running through and located in the townships of Fairfield, Wea and Sheffield, in said county.

" We further represent that each of the subscribers to this petition is a freeholder and citizen of one of the above named townships, and that each township is herein below set opposite his name.

" The undersigned respectfully petition your honorable board to submit to the voters of the above named townships of Fairfield, Wea and Sheffield, through which said townships said road passes, the question of purchasing said Day-

ton Gravel Road, and to take the necessary steps provided by law for holding such election for that purpose."

This petition was signed by twenty-eight persons residing in Fairfield township, twenty-five residing in Sheffield, and three residing in Wea. Such proceedings were had upon it as that the road was surveyed, fixing its exact course and distance, and fixing the consideration to be paid for it. The board of commissioners then submitted a proposition to the Dayton Gravel Road Company to purchase the road at the consideration fixed by the viewers sent out by it, which was accepted. Thereupon an order was entered for an election, the election held, and the vote canvassed, resulting in a majority in favor of purchasing the Dayton Gravel Road.

After the result of the election was ascertained, the appellees, Benton Steel, Peter Goldsberry and John R. Bladden, appeared before the board of commissioners and filed a remonstrance against completing the purchase, and the board, after due consideration, sustained the remonstrance, and entered an order refusing to complete the purchase of the appellant's road. This order was entered on the 8th day of February, and the 20th day of the same month an affidavit was filed on behalf of the appellant, and appeal taken to the Tippecanoe Circuit Court. In the circuit court the appellant filed a motion for an order against the appellee, the board of commissioners, requiring it to complete the purchase of the appellant's road, which motion was overruled by the court.

The appellees filed a motion to dismiss the appeal, which was sustained by the court, and the appeal dismissed.

The appeal was dismissed, as stated in a bill of exceptions, for the following reasons:

1st. Because the petition filed by the petitioners before the board of commissioners was insufficient, in this, that it contained no description of the Dayton Gravel Road.

2d. Because there is no description of the gravel road in the order issued to the viewers appointed by the board of

commissioners to view and assess the price to be paid for the road.

3d. Because the appellants did not possess the right to appeal.

The appellant assigns as error :

*First.* That the court erred in overruling its motion for an order on the board of commissioners directing it to issue to the appellant bonds of the county in payment for its toll road.

*Second.* That the court erred in sustaining the motion of the appellees to dismiss the appeal.

In our opinion the court did not err in overruling the motion of the appellant for an order on the board of commissioners of Tippecanoe county to issue the bonds of the county to it in payment for its toll road. The remonstrance filed before the board sets forth that the appellant had no title to a portion of the road which had been appraised, and the value of which constituted a part of the consideration to be paid for the purchase. If it be true, as alleged in the remonstrance, that there was a want of title to a portion of the road, certainly the board of commissioners, as the agents of those who were to be assessed for the payment of the consideration agreed upon between the board and the appellant, should not be compelled to complete the purchase, and pay for that which could not be conveyed to it. The want of title would, in our opinion, constitute a legal excuse for refusal to complete the purchase. While this issue, tendered by the remonstrance, remained untried and undetermined, the court could not enter an order requiring the board of commissioners to issue to the appellant the bonds of the county in payment for its toll road.

It is earnestly contended by the appellees that the petition above set out is fatally defective in that it contains no description of the toll road, the purchase of which the petitioners desire to make.

In deciding the question here presented, it is important to

keep in view the well-known rule that upon appeal from the board of commissioners to the circuit court no questions can be considered except such as were presented and involved in the commissioners' court. *Hardy* v. *McKinney*, 107 Ind. 364; *Metty* v. *Marsh*, 124 Ind. 18.

One exception to this rule is that the question of jurisdiction may be raised in the circuit court though it was not presented to the board of commissioners.

As this matter was not raised before the board the question, therefore, for our consideration is as to whether this petition was sufficient to confer jurisdiction on the board of commissioners of Tippecanoe county. As to whether a tribunal has jurisdiction of a general class of cases is to be determined by the law, and as to whether it has jurisdiction of a particular case belonging to that class depends on the facts in that particular case. Elliott Roads and Streets, p. 227.

An act of the General Assembly, approved March 8th, 1889, acts 1889, p. 276, confers upon the boards of county commissioners of the several counties in the State exclusive original jurisdiction over the class of cases to which this belongs, and prescribes the mode by which such boards may acquire jurisdiction over any particular case.

To give the board jurisdiction over a particular case some petition must be filed, signed by the number of freeholders named in the act. When such petition is filed it is the especial province of the board, called upon to act, to determine its sufficiency. Before the board of commissioners of Tippecanoe county could order the election, it necessarily passed upon the sufficiency of the petition in this case. Having the right to determine whether or not it would proceed on this petition, and having determined that it would proceed, thus giving judgment on the sufficiency of the petition, its judgment was not void. Elliott Roads and Streets, *supra*; *Lantz* v. *Maffett*, 102 Ind. 23; *Quarl* v. *Abbett*, 102 Ind. 233; *Smurr* v. *State*, 105 Ind. 125.

In determining the sufficiency of the petition, it is not improper to take into consideration the necessary steps to be observed as prescribed by the act under which this proceeding was had. Section 1 provides that after filing the petition, and before the election is advertised, it shall be the duty of the board of commissioners to appoint a surveyor or engineer of the county and two disinterested freeholders as viewers, one appointed by the board and one by the company, to view the road and determine the consideration to be paid therefor.

This was done in the case before us, and the surveyor and viewers proceeded to view and survey the road to be purchased, and made their report, giving a particular description of the road by course and distance and dividing it into sections, with a valuation of each section, separately, and a valuation of the entire road, so that when the election was held there was on file in the cause, and constituting a part of the record, an accurate description of the road and the amount to be paid by each township through which it runs. This we think was the proper practice. Under this practice the only description required in the petition is such a description as will enable the surveyor and viewers to find and identify the road which is to be made the subject of purchase. In determining the sufficiency of such description it must be borne in mind that the road is already opened and in use as one of the highways of the county, so that it need not be described with the same particularity as a highway which is to be established and opened. In this petition the toll road to be purchased is described as " the Dayton Gravel Road, a toll road running through and located in the townships of Fairfield, Wea and Sheffield, in said county."

We can not say that this description was too imperfect to enable the surveyor and viewers to find and identify the road which they were called upon to view and appraise, and inasmuch as no objection was made to it before the board of

commissioners, and that tribunal adjudged it sufficient, we think it should be held sufficient to confer jurisdiction.

What we have said with reference to the petition applies with equal force to the order issued to the viewers.

The question as to whether the appellant in this case had the right to appeal from the judgment of the board of commissioners refusing to consummate the purchase of its road still remains for consideration.

Section 5772, R. S. 1881, provides that from any decision of the board of commissioners there shall be allowed an appeal to the circuit court by any person aggrieved; but if such person shall not be a party to the proceeding such appeal shall not be allowed unless he shall file, in the office of the county auditor, an affidavit setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest.

It is objected that the appellant in this case was not a party in the proceeding before the board of commissioners, and that the affidavit filed in its behalf does show an interest authorizing it to appeal.

The appellant was, in a sense, a party to the proceeding before the board of commissioners. Before the board could take any step looking to the purchase of the toll road, it was necessary that the appellant should choose one of the viewers; and before an election could be ordered, it was necessary that the board should submit to the appellant a proposition to purchase the road, and that such proposition to purchase should be accepted. While this did not, perhaps, make the appellant a party to the proceeding in the ordinary sense, we think the affidavit filed is sufficient to show such an interest in the matter involved as to authorize the appellant to prosecute an appeal to the circuit court. *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549; *Padgett* v. *State,* 93 Ind. 396; *State, ex rel.,* v. *Board, etc., ante,* p. 30.

The final judgment of the board of commissioners refusing to purchase the appellant's road involved judicial action,

from which an appeal will lie, and the only remedy to which the appellant was entitled was that of an appeal to the circuit court.  *Gilson* v. *Board, etc.,* 128 Ind. 65; *State, ex rel.,* v. *Board, etc., supra.*

In our opinion the circuit court erred in sustaining the motion of the appellees to dismiss the appeal in this cause.

Judgment reversed, with directions to overrule the motion of the appellees to dismiss the appeal in this cause, and for further proceedings not inconsistent with this opinion.

Filed May 17, 1892.