## ISANOGLE ET AL. *v.* RUSSEY ET AL.

[No. 21,537. Filed May 24, 1910.]

1. CONSTITUTIONAL LAW.—*Gravel Roads.—Improvement.*—Section
7719 Burns 1908, Acts 1907 p. 68, §1, providing that on a peti-
tion for the construction of a free gravel road less than three
miles in length, over which a United States mail route is oper-
ated, the board of commissioners must order the construction
thereof without an election by the township, is constitutional.
p. 247.

2. HIGHWAYS.—*Petition.—Withdrawals from.—Jurisdiction.*—The
withdrawal of petitioners from a free gravel road petition after
the board of commissioners has ordered the construction of the
road, leaving fewer than the statutory number of petitioners,
does not deprive the board of jurisdiction to proceed with the
construction of the road.  p. 247.

3. HIGHWAYS.—*Petition.—Number of Signers.—Assumption of
Jurisdiction.—Appeal.*—Where a board of commissioners assumes

jurisdiction of a highway proceeding, where the petition therefor is not signed by the requisite number, the only remedy of an aggrieved party is an appeal. p. 248.

4.   HIGHWAYS.—*Withdrawal from Petition.—Presenting Question in Circuit Court.—Appeal.—Waiver.*—Where, in a highway improvement proceeding, a petitioner's application to withdraw from the petition was denied, and no ruling was obtained in the circuit court as to the effect thereof on the jurisdiction of the board, the error, if any, in the action of the board was waived. p. 248.

5.   APPEAL.—*Briefs.—Failure to set out Questioned Motions.*—Appellants' failure to set out in their brief, in terms or substance, the motion to dismiss the cause, the overruling of which is assigned as an error, waives any question thereon. p. 249.

From  Blackford  Circuit  Court;   *Charles E. Sturgis,* Judge.

Highway proceeding by Stanley Russey and others, against which Grant Isanogle and others remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*Feeley & Redkey* and *Ball & Needham,* for appellants.

*J. Walter Gray* and *Bingham, White & Haymond,* for appellees.

MONKS, J.—This proceeding was commenced by appellees before the Board of Commissioners of the county of Delaware, under §§7712, 7719 Burns 1908, Acts 1907 p. 137 and p. 68, §1, for the improvement of a public highway less than three miles in length over which a rural United States mail route passed. Such proceedings were had that said board of commissioners ordered the construction of said road without submitting the question of building it to an election of the voters of the township concerned, as provided in §7719, *supra.* From this judgment appellants Isanogle and McKinley appealed, and filed their appeal bond. Appellants Ellison and Rudy also appealed, and filed their appeal bond. Appellees filed motions to dismiss said appeals. Afterwards appellants filed a motion to dismiss said cause. On the same day the venue of said cause was changed to the court below, which court overruled appellants' motion to dismiss said cause, sustained appellees'

motions to dismiss said appeals, and rendered final judgment against appellants.

The errors assigned by appellants and not waived are as follows: (1) The court erred in overruling appellants' motion to dismiss said cause; (2) the court had no jurisdiction over the subject-matter of the cause; (3) the court erred in sustaining appellees' motions to dismiss said appeals; (4) the court erred in directing the court to certify said cause back to the board of commissioners of Delaware county.

Appellants, by the points stated in their brief, base their first and second assignments of error upon the contention that the sections of the statute under which this proceeding was brought were unconstitutional and void.

1. All the questions as to the constitutionality of the sections of the statute involved in this case were presented and decided by this court adversely to appellants' contention in the cases of *Smith* v. *Board, etc.* (1910), 173 Ind. 364; *Harmon* v. *Gephart* (1910), 173 Ind. 391; *Moore* v. *Bible* (1910), 173 Ind. 413; *Hutton* v. *Boze* (1910), 173 Ind. 719; *Strange* v. *Board, etc.* (1910), 173 Ind. 640; *Cummins* v. *Pence* (1910), *ante*, 115.

Under the third and fourth errors, as heretofore set out, appellants complain of the action of the board of commissioners in ordering the construction of said work after application had been filed by certain of the petitioners to withdraw from said petition. The ground of this complaint is that the petition for said improvement would not be signed by fifty freeholders of said township, as required by §7712, *supra*, if the names of said applicants who wished to withdraw from said petition were not counted.

The record of the proceedings before the board shows that said application of certain petitioners to withdraw from said petition was presented to and filed with the board of commissioners after said board had ordered the construc-

tion of said work, and that said board granted permission to the persons named in said application to withdraw from said petition as of the date of the presentation of said application to said board.

It is clear that the presenting and filing of said application to withdraw from said petition after the order of the board for the construction of said work had been announced, did not oust the jurisdiction of the board of commissioners, because, as shown by the record, that had attached before said application was presented to and filed with the board. *Little* v. *Thompson* (1865), 24 Ind. 146, 150, 151; *Osborn* v. *Sutton* (1886), 108 Ind. 443; *Green* v. *Elliott* (1882), 86 Ind. 53, 60; *Cason* v. *Harrison* (1893), 135 Ind. 330, 334-336, and cases cited; *Ney* v. *Swinney* (1871), 36 Ind. 454, 462.

Even if the board committed an error against appellants in not dismissing said proceeding after said application to withdraw from the petition was presented and filed 3. before said board, the order of the board that said improvement be constructed was not void, but it was conclusive unless corrected on an appeal therefrom to the circuit court. *Chicago, etc., R. Co.* v. *Sutton* (1892), 130 Ind. 405, 412, 413; *Ely* v. *Board, etc.* (1887), 112 Ind. 361, 365-369; *Black* v. *Campbell* (1887), 112 Ind. 122, 126, 127; *Hume* v. *Little Flatrock, etc., Assn.* (1880), 72 Ind. 499, 504; *Green* v. *Elliott* (1882), 86 Ind. 53, 60; *Osborn* v. *Sutton, supra; Cason* v. *Harrison, supra.* As appellants did not present said application to withdraw from the 4. petition in the court below and obtain a ruling as to the effect thereof on the jurisdiction of the board, this waived the error, if any was committed by the board, in regard to said application. *Cason* v. *Harrison, supra,* and cases cited.

Appellants have not, as required by rule twenty-two of this court, set out in their brief the motions to dismiss said appeals, nor have they set out the substance thereof. The

failure of appellants to comply with the rule is a waiver of the right of appellants to present any question under the third and fourth assignments of error heretofore set out. *Hall* v. *McDonald* (1908), 171 Ind. 9, 17, and cases cited. What we have said disposes of all the errors assigned and not waived.

Judgment affirmed.