## STATE OF INDIANA, EX REL. FLANNIGAN ET AL. *v.* PALMER, AUDITOR.

[No. 22,700. Filed November 17, 1915.]

1. APPEAL.—*Review.*—*Harmless Error.*—*Sustaining Defective Demurrer to Complaint.*—Reversal can not be predicated on the sustaining of a defective demurrer to a complaint, where it appears that the complaint was insufficient for want of facts. p. 8.

2. HIGHWAYS. — *Improvement.* — *Appeal.* — *Auditor.* — *Approval of Bond.*—The county auditor is not required to approve a bond executed for the purposes of an appeal from an order of the board of commissioners directing the improvement of a highway, where no penalty is named in the bond, either under §6022 Burns 1914, §5773 R. S. 1881, relating to appeals in general from boards of county commissioners, or under §7795 Burns 1914, Acts 1905 p. 521, relating to appeals in highway matters. p. 9.

3. MANDAMUS. — *Highway Proceedings.* — *Complaint.* — *Estoppel.*— The complaint in an action to mandate the county auditor to approve a bond for appeal from an order of the board of commissioners for

the improvement of a highway, was insufficient to show that the auditor was estopped from insisting upon the lack of a penalty in the bond as a reason for his refusal to approve same, where it did not appear that plaintiffs were misled by the acts or conduct of such auditor and thereby prevented from tendering a proper bond within the time allowed, or that in the absence of such conduct they could and would have filed a proper bond within the time.  p. 10.

From Orange Circuit Court; *William H. Paynter*, Judge.

Action by the State of Indiana, on the relation of Luther E. Flannigan and others, against Edward A. Palmer, auditor of Orange County.  From a judgment for defendant, the relators appeal.  *Affirmed.*

*John H. Luckett* and *Wm. T. Zenor*, for appellants.

*S. R. Lambdin, McCart & McCart* and *B. Harvey*, for appellee.

LAIRY, J.—This action was brought by appellants to mandate appellee as auditor of Orange County to approve a certain bond which was tendered him, as such auditor, for the purpose of taking an appeal from the final order of the board of commissioners.  The trial court sustained a demurrer to the complaint and appellants refused to plead further, suffering judgment to go against them on demurrer, and appealed to this court, assigning as error the action of the court in sustaining such demurrer.

It is claimed on behalf of appellants that the demurrer filed to the complaint was defective in form and was insufficient for that reason.  If this

1.   claim be conceded the judgment should not be reversed on that ground.  If the complaint was insufficient for want of facts, it would not constitute reversible error to sustain a demurrer addressed thereto which was itself insufficient in form and substance.  *Blue* v. *Capital Nat. Bank* (1896),

145 Ind. 518, 43 N. E. 655; *Hanson* v. *Cruse* (1900), 155 Ind. 176, 57 N. E. 904.

The final order of the board of commissioners from which appellants attempted to appeal by filing the bond in question was one entered in a 2. proceeding before such board for the improvement of a public highway. Appellants appeared to such proceeding and unsuccessfully remonstrated against the proposed improvement, and, within thirty days after the final order directing the improvement, they filed with appellee, as auditor, their bond for the purpose of taking an appeal to the circuit court, but appellee refused to approve such bond.

Appellee asserts that no appeal lies to the circuit court from such order and that the approval of the bond was properly refused for that reason. This question we need not decide. It seems to be conceded that if a right to appeal existed, that it was conferred by either §6022 Burns 1914, §5773 R. S. 1881, or §7793 Burns 1914, Acts 1905 p. 521. The first of such sections provides for the bond to be given in appeals taken under the preceding section of the statute which authorizes appeals in general from boards of commissioners to the circuit court. This section requires a bond to be filed with *sufficient penalty and sureties to be approved by the auditor.* Section 7793, *supra,* provides for appeals to the circuit court from boards of commissioners in proceedings in relation to highways and provides that a bond shall be given with *surety and penalty to be approved by the auditor.* It thus appears that the appeal bond under either section, to be sufficient, must contain a penalty.

The bond tendered to appellee as shown by the complaint states that the obligors therein are held and firmly bound unto the obligees in the penal sum

of $ . . . . . . . ., no penalty being stated. In the case of *State, ex rel.* v. *Daly* (1911), 175 Ind. 108, 93 N. E. 539, this court decided that an official whose duty it is to approve a proper bond can not be compelled by mandamus to approve a bond containing no penalty where the statute under which the bond is offered requires that a bond with a penalty be given. The reasons for the decision are fully stated in the case cited and need not be here reiterated.

The complaint discloses that the bond in question was tendered on the last day allowed by the law for perfecting the appeal by the filing of such 3. bond. It is alleged that appellee, at the time such bond was tendered, promised to approve it, and that after the time for appeal had passed he declined to do so on the advice of the county attorney. On behalf of appellant it is claimed that the failure of appellee to object to the bond and to point out the defect at the time it was filed, and his promise to approve the same, constitute an estoppel, and that by reason of such conduct he could not be permitted after the time for appeal had passed, to insist upon such defect as a reason for his refusal to approve the bond. Appellants do not allege that they were misled by the conduct of appellee and were thereby prevented from tendering a proper bond within the time allowed, or that, in the absence of such conduct, they could have filed a proper bond within the time, and that they would have done so. The absence of such allegations relieves us of the duty of deciding whether conduct such as that stated could work an estoppel as against an officer in the discharge of his duty, for it is well settled that conduct will not be held to constitute an estoppel unless it is of a character likely to deceive, and the party claiming such estoppel has been actually deceived thereby

and misled to his detriment. *Cox* v. *Vickers* (1870), 35 Ind. 27. The demurrer to the complaint was rightly sustained for the reason stated and other objections urged against it need not be considered. Judgment affirmed.

NOTE.—Reported in 110 N. E. 213. See, also, under (1) 31 Cyc 359; (2) 11 Cyc 408; (3) 16 Cyc 744.