SOUDER ET AL. *v.* TYNER ET AL.

[No. 23,413.   Filed May 14, 1920.]

1. COUNTIES.—*Appeal from Board of Commissioners.—Jurisdiction of Circuit Court.*—On appeal to the circuit court from the board of county commissioners, a cause is tried *de novo,* and only such questions can be determined as were presented to the board.   p. 387.

2. HIGHWAYS.—*Motion to Dismiss by Part of Petitioners.—Failure to Appeal From Ruling.—Effect.*—Where certain petitioners for improvement of a highway, under §§7712-7719 Burns 1914, Acts 1913 p. 690, filed a motion of dismissal and withdrawal as to them, but failed to appeal from the denial of such motion, their status as petitioners was thereby finally fixed, and where such parties did not join in an appeal to the circuit court by remonstrators from an order establishing the improvement, they were properly counted as petitioners, and neither the remonstrators nor such petitioners could impeach collaterally the ruling of the board by filing in such court an original motion seeking to have their names withdrawn.   pp. 388, 389.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Petition by Alonzo Tyner and others for the improvement of a public highway. From a judgment for the petitioners, John S. Souder and others, remonstrators, appeal. *Affirmed.*

*Arthur C. Van Duyn,* and *Barnard & Brown,* for appellants.

*Robert L. Mason, Robert F. Reeves, Thomas F. Glascock* and *Forkner & Forkner,* for appellees.

LAIRY, J.—Appellees filed their petition in the office of the auditor of Hancock county for the improvement of a public highway under the provisions of the statute providing for such improvements, where the road to be improved is three miles, or less, in length. §§7712-7719 Burns 1914, Acts 1913 p. 690.   The pro-

ceedings thus instituted before the board of commissioners of that county resulted in a judgment establishing the improvement and ordering its construction in accordance with the report of the engineers and viewers appointed by the board. From this order an appeal was taken to the circuit court of Hancock county. A change of venue was granted from that court and the cause was sent to the Henry Circuit Court where a trial was had. This appeal is from the final judgment of the Henry Circuit Court, establishing the improvement and certifying the proceedings back to the board of commissioners of Hancock county for construction.

On an appeal to a circuit court from a board of county commissioners, a case is tried *de novo,* and only such questions can be determined as were presented to the board of commissioners. *Dayton*
1. *Gravel Road Co.* v. *Board, etc.* (1892), 131 Ind. 584, 31 N. E. 363; *Forsythe* v. *Kreuter* (1885), 100 Ind. 27; *Wilkinson* v. *Lemasters* (1890), 122 Ind. 82, 23 N. E. 688; *Bowers* v. *Snyder* (1879), 66 Ind. 340.

Two questions were presented to the board and decided. When the petition was filed with the auditor, a day was fixed for the hearing and noted on the back of the petition, and notice was given as provided by statute. §7712 Burns 1914, *supra.* On March 6; 1916, the day set for the hearing, the petition was presented to the board of commissioners of Hancock county and proof of notice by publication and posting was made, whereupon the board found that the petition was in due form and sufficient, and that the facts therein alleged were true. At the same time the board made an order, granting the prayer of the petition, and appointed a civil engineer and

two viewers, to whom the matter was referred in accordance with the provisions of §7715 Burns 1914, *supra.*

On April 10, at a special session of the board of commissioners, John Johnson and seventy-nine other petitioners filed a motion for an order dismissing the petition as to them, and requesting that their names be withdrawn and stricken from the petition. On the same way, John S. Souder and other taxpayers and voters of the township in which the proposed improvement was located filed a remonstrance against the proposed improvement under the provisions of §7719, *supra.* The board denied the motion and request of Johnson and the other petitioners to withdraw their names from the petition and to dismiss the proceedings as to them. At the same time, the board found against Souder and other freeholders and voters on the ground that the petition was signed by a greater number of freeholders and voters of Center township, Hancock county, Indiana, than appeared on the remonstrances filed thereto.

The resident freeholders and voters who filed the remonstrance appealed from the final order of the board of commissioners, but Johnson and the other petitioners, whose motion to withdraw from the petition was denied, did not join in the appeal.

In the circuit court, on appeal, Johnson and other petitioners offered to refile their motion filed before the board, for an order striking their names from the petition, which offer the court denied, and refused to permit such motion to be filed; but the court permitted the remonstrators to file an original motion to the same effect by Johnson and seventy-five other petitioners, which motion was overruled.

Appellants assert that if the petition of Johnson and the other petitioners had been sustained, and the names of such petitioners had been stricken from the petition and not counted as petitioners for the improvement, the names of the freeholders and voters of Center township appearing on the remonstrance would have outnumbered those appearing on the petition. Appellants take the position in this court that the circuit court should have tried *de novo* on appeal the question presented before the board by the motion of Johnson and the other petitioners. On the other hand, appellees take the position that the question presented by the motion of said petitioners was decided adversely to them by the board, and that their status as petitioners was thereby finally fixed, in the absence of an appeal to the circuit court by the parties aggrieved by such decision. As the parties aggrieved by the decision did not join in the appeal, appellees assert that the question presented to the board by their motion cannot be presented to the circuit court for trial on an appeal by remonstrants in which such petitioners did not join.

The position of appellee seems to be fully sustained by a recent decision of this court. In the case of

2. *Craw* v. *Dunn* (1910), 174 Ind. 615, 92 N. E. 655, the court said: "Appellants, upon the trial, offered in evidence the paper writing filed with the auditor by seven of the petitioners seeking to withdraw their names from the petition, and to dismiss the proceedings as to themselves, but it was excluded on objection of appellees. This ruling was assigned as ground for a new trial. This request to withdraw was overruled by the board of commissioners, as heretofore shown, and no appeal from such

ruling was taken. The withdrawing petitioners, not having carried this question to the circuit court, must be regarded as having acquiesced in this action without regard to its correctness, and be treated thereafter as petitioners as fully as though no such effort on their part had been made. *Isanogle* v. *Russey, supra* (174 Ind. 245, 91 N. E. 938). The objectors or remonstrators could not, in a collateral way, attack or impeach the ruling of the board. It follows that the proffered evidence was properly excluded.''

Adherence to the rule announced in the case cited requires the court to hold that there was no error in the rulings of the trial court.

Judgment affirmed.