KOSTA *v.* ZICKMUND ET AL.

[No. 25,635.   Filed March 15, 1929.]

*Halleck & Halleck,* for appellant.
*Moses Leopold,* for appellees.

GEMMILL, J.—The appellees filed their petition for the construction of a drain before the board of commissioners of Jasper County. The appellant filed a remonstrance against the report of the drainage commissioners and the board, on August 1, 1927, found against the remonstrator and rendered judgment establishing the drain and ordering its construction. Appellant prayed an appeal to the circuit court and filed his appeal bond on August 15, 1927, with the auditor, who approved same on August 16. The transcript of the proceedings was not filed in the office of the clerk of the circuit court by either the remonstrator or the auditor, and, on March 8, 1928, the attorney for the petitioners filed same with the clerk. The petitioners then filed in the circuit court their motion to dismiss the appeal for the following reasons: That the pretended transcript of the proceedings was not filed in the office of the clerk of the court until more than sixty days after the filing of the appeal bond with the auditor; and the pretended transcript filed in the office of the clerk was not signed by the auditor or certified to by him as being a true, full, and complete copy of the proceedings before the board of commissioners. It appears that after the transcript had been prepared by the auditor, it was delivered to one of the attorneys for the remonstrator, and retained by him until filed in the office of the clerk more than six months later by the attorney for the petitioners.

The court sustained the motion to dismiss the appeal. From this ruling the remonstrator appealed, assigning as errors that the court erred in sustaining the motion of appellee to dismiss appellant's appeal from the judgment rendered against him by the board of commissioners, and erred in dismissing the said appeal.

It is provided in Acts 1907, ch. 252, §17, §6194 Burns 1926, as follows: "Appeal from the action of the county board on the report of the drainage commission-

ers may be taken to the circuit or superior court of the county within the time and in the manner provided in case of appeal from the action of the circuit court or superior court to the Supreme Court, and a like appeal taken, within like time and in like manner, may be had to the Supreme Court from the decision of the circuit or superior court on the appeal from the board." It is also stated therein that the county auditor, in case of the filing of a petition for drainage before the county board, shall perform all the duties provided to be performed by the clerk of the circuit court. And it is provided in Acts 1917, ch. 90, §1, §6174 Burns 1926: "The order of the court approving and confirming the assessments and declaring the proposed work of drainage established shall be final and conclusive, unless an appeal therefrom to the Supreme Court be taken and an appeal bond filed within thirty days, to the approval of the court or the clerk in vacation. A transcript of the record on such appeal and all bills of exceptions shall be filed in the office of the clerk of the Supreme Court within sixty days after the filing of the appeal bond."

Appellant contends that, upon the filing of the appeal bond, it became the duty of the auditor to file a transcript of the proceedings in the commissioners' court in the office of the clerk of the Jasper Circuit Court within twenty days, and he cites §5978 Burns 1926. The section cited governs general appeals from boards of commissioners, and under same, it is the duty of the auditor to deliver the transcript of the proceedings to the clerk of the court within twenty days after the filing of the appeal bond. But, in the instant case, the appeal should have been taken in conformity with the statute providing therefor. The appeal bond was filed within thirty days as provided by statute. A transcript of the record on appeal should have been filed in the office of the clerk of the circuit court within

sixty days after filing the appeal bond with the auditor. The transcript was not filed within the required time. And it is not provided in an appeal in a drainage matter from the board of commissioners to the circuit court that it is the duty of the auditor to file the transcript with the clerk. The appellant cannot rely upon the failure of the auditor to file same.

As the transcript was not timely filed and as the appeal should have been dismissed for that reason, it is not necessary to determine the sufficiency of the transcript.

The court did not commit error in sustaining the motion to dismiss the appeal and in dismissing the appeal.

Judgment affirmed.