David BINNINGER, Appellant–Plaintiff,

v.

HENDRICKS COUNTY BOARD OF ZONING COMMISSIONERS, et al., Appellees–Defendants.

No. 54A01–9510–CV–325.

Court of Appeals of Indiana.

July 2, 1996.

---

Jack C. Brown, John O. Moss, Indianapolis, for Appellant.

Caren L. Pollack, Stephenson, Daly, Morow & Kurnik, Indianapolis, for Appellees.

## OPINION

ROBERTSON, Judge.

David Binninger appeals the dismissal of his appeal of the decision of the Hendricks County Board of Commissioners to terminate his employment as the Chief Animal Control Officer of the county. Binninger raises five issues, which we restate and consolidate. The dispositive issue which requires that we reverse may be restated as:

whether Binninger complied with the statutory requirements for bringing an appeal of a decision of the County Board of Commissioners.

## FACTS

The undisputed facts reveal that, in 1991, Binninger was employed by the Board of Commissioners of Hendricks County as Chief Animal Control Officer. The Board became aware of several complaints regarding Binninger's work performance and held a two-day hearing on the matter during which Binninger was represented by counsel, presented evidence, and cross-examined witnesses. On July 8, 1991, the Board decided to terminate Binninger effective August 1, 1991.

On July 23, 1991, Binninger filed a petition in the Hendricks Circuit Court challenging the Board's action. This complaint was styled:

Petition for Reinstatement of Employment, For Back Wages (If Any), and For an Emergency Hearing

In this pleading, Binninger asserted that the Board had not proved the alleged violations of personnel policy and otherwise attacked the propriety of the Board's decision to terminate his employment. Binninger requested a preliminary injunction enjoining the Board from effecting his termination. The trial court denied Binninger's request for a preliminary injunction but notified the parties:

The Court expresses no opinion as to the merits of plaintiff's complaint and advises all parties it will promptly set a jury trial upon request by [Binninger].

On August 21, 1991, the Board successfully obtained the removal of the case to the Federal District Court. The Board filed various motions for summary judgment including a motion based on the assertion that Binninger had failed to satisfy the statutory requirements for bringing an appeal of its decision as prescribed under Ind.Code 36–2–2–27.

On December 13, 1991, Binninger filed an appeal bond with the County Auditor to secure the payment of the costs of the action.

The Auditor was then to begin preparing a transcript of the proceedings held before the Board. Binninger stayed in touch with the Auditor regarding its progress in preparing the transcript.

On September 8, 1992, the Federal District Court granted the Board's motion for summary judgment with respect to Binninger's claims involving procedural due process, substantive due process, and equal protection. However, the court declined to determine that Binninger had failed to perfect his appeal of the Board's decision, finding:

The Court declines to decide the issues raised by [the Board's] Motion For Summary Judgment regarding judicial appeal of the decision to discharge [Binninger] and instead remands this action to the Hendricks Circuit Court.

Immediately upon remand, Binninger petitioned for a change of venue from the county. The motion was granted over the Board's objection. The Montgomery Circuit Court assumed jurisdiction.

On September 23, 1992, and again, on October 2, 1992, Binninger's counsel confirmed in writing to the Hendricks County Auditor that she was to prepare the transcript and keep him advised as to the progress she was making. On October 20, 1993, Binninger filed a new bond with the Auditor to replace the old one filed in 1991.

■ On November 21, 1994, the transcript of the proceedings before the Board was finally filed in the trial court. The Board filed its instant motion to dismiss again alleging that Binninger had failed to satisfy the procedural requirements of I.C. 36–2–2–27.

On June 30, 1995, the trial court granted the Board's motion entering findings explaining its reasoning.[1] This appeal ensued.

## DECISION

■ In general, the failure to adhere to the statutory prerequisites prescribed for taking an appeal of administrative action is fatal. *Claywell v. Review Board of the Indiana Department of Employment and*

---

1. In this type of situation, the findings of the trial court, while helpful, are merely advisory. *See,* *Indiana Department of Resources v. Hensley,* 661 N.E.2d 1246, 1250 n. 1 (Ind.Ct.App.1996).

*Training Services,* 643 N.E.2d 330, 331 (Ind. 1994). The statutory procedures prescribed for taking an appeal of a decision of a County Board of Commissioners read as follow:

(a) A party to a proceeding before the executive who is aggrieved by a decision of the executive may appeal that decision to the circuit court for the county.

\* \* \* \* \* \*

(c) An appeal under this section must be taken within thirty (30) days after the executive makes the decision by which the appellant is aggrieved.

I.C. 36–2–2–27. Indiana Code 36–2–2–28 reads:

(a) An appellant under section 27 of this chapter must file with the county auditor a bond conditioned on due prosecution of the appeal. The bond is subject to approval by the auditor, and it must be in an amount sufficient to provide security for court costs.

(b) Within twenty (20) days after he receives the appeal bond, the auditor shall prepare a complete transcript of the proceedings of the executive related to the decision appealed from and shall deliver the transcript, all documents filed during the proceedings, and the appeal bond to the clerk of the circuit court.

Indiana Code 36–2–2–29 reads:

(a) An appeal under section 27 of this chapter shall be docketed among the other causes pending in the circuit court and shall be tried as an original cause.

(b) A court may decide an appeal under section 27 of this chapter by:

(1) affirming the decision of the executive; or

(2) remanding the cause to the executive with directions as to how to proceed;

and may require the executive to comply with this decision.

The appeal contemplated under these statutory provisions is to be tried de novo and the factual findings of the Board are not given the weight or accorded the presumption of validity which is usually given administrative fact findings. *Pastrick v. Geneva Township of Jennings County,* 474 N.E.2d 1018, 1021 (Ind.Ct.App.1985); *Souder v. Tyner,* 189 Ind. 386, 127 N.E. 273 (1920).

### I.

█  In its order dismissing Binninger's appeal, the trial court found that Binninger had not filed his appeal in the Circuit Court within the thirty days as required by I.C. 36–2–2–27. In so finding, the trial court noted that Binninger's petition for reinstatement and a restraining order, which had been filed in the Circuit Court within thirty days, was not an appeal. We disagree.

█  Under Indiana's "notice" pleading system, a pleading need not adopt a specific legal theory of recovery to be adhered to throughout the case. Ind.Trial Rule 8(A); *Hansford v. Maplewood Station Business Park,* 621 N.E.2d 347, 356 (Ind.Ct.App.1993). A pleading is sufficient when it pleads the operative facts so as to place the defendant on notice as to the evidence to be presented at trial. *Id.* Rather than exalt form over substance, this Court will uphold its longstanding policy that cases should be decided on the merits and justice should not be defeated by technicalities. *Costanzi v. Ryan,* 174 Ind.App. 454, 368 N.E.2d 12, 15, 17 (1977).

█  The substance of Binninger's petition, which he had filed in the Circuit Court within 30 days, was an appeal or attack on the propriety of the decision of the Board of County Commissioners to terminate Binninger's employment. Under our liberal system of notice pleading, that the petition was not styled as an appeal is not fatal. Therefore, Binninger satisfied the statutory requirement imposed by I.C. 36–2–2–27 that the appeal be taken to the Circuit Court within 30 days.

### II.

█  The Board asserts that Binninger's failure to file an appeal bond with the Auditor within 30 days of the Board's decision is fatal, citing *Fleming v. Hight,* 101 Ind. 466 (1885), and *Shirk v. Moore,* 96 Ind. 199, 201 (1884). Both of these 19th Century cases make reference to a statute cited as R.S. 1881, section 5773, a predecessor to the stat-

ute in force in this case. The *Shirk* court cited the statute as follows:

> Such appeal shall be taken within thirty days after the time such decision was made by the appellant filing with the county auditor a bond ...

*Id.* at 200. The statute has been amended since *Fleming* and *Shirk* were decided more than 100 years ago. The statutes in force today, I.C. 36–2–2–27 & 28 (set out above), do not require that the bond be filed within 30 days as did old R.S. 1881, section 5773.

Determining legislative intent is foremost in construing any statute and, wherever possible, this court will give deference to that intent. *Alvers v. State,* 489 N.E.2d 83, 88, (Ind.Ct.App.1986), *trans. denied.* When the legislature amends a statute, it is presumed that the legislature intended to change the law unless it clearly appears that the amendment was made only to express the original intention of the legislature more clearly. *Id.*

When the statute was amended, the legislature eliminated the requirement that the Auditor's bond be filed within 30 days of the Board's decision. As the statute in force today does not prescribe when the bond must be filed, we cannot conclude that Binninger's filing of the bond in December of 1991 was untimely.[2]

### III.

Finally, the Board asserts that Binninger's filing of the transcript with the Circuit Court, which was not accomplished until 1994, was untimely, citing *Kosta v. Zickmund,* 200 Ind. 605, 165 N.E. 433 (1929). The statute relied on in *Kosta,* Acts 1917, ch. 90 § 1, § 6174 Burns 1926, read in pertinent part as follows:

> A transcript of the record on such appeal and all bills of exceptions shall be filed in the office of the clerk of the Supreme

Court within sixty days after the filing of the appeal bond.

200 Ind. at 607, 165 N.E. at 433. However, the *Kosta* court noted that this statute did not govern "general appeals from boards of commissioners," *id,* and the statute which did govern such appeals, § 5978 Burns 1926, provided that:

> it is the duty of the auditor to deliver the transcript of the proceedings to the clerk of the court within twenty days after the filing of the appeal bond.

*Id.* It is this latter statute which is obviously the predecessor to the statute involved in the present dispute, I.C. 36–2–2–28 (set out above).

Thus, the *Kosta* decision supports the proposition that, with respect to general appeals from boards of commissioners, it is the Auditor's duty, and not the appellant's, to deliver the transcript within a timely manner. In the present case, Binninger had requested the Auditor to prepare the transcript in December of 1991. Binninger stayed on top of the matter, and the delay in the preparation of the transcript cannot reasonably be imputed to him. That the Auditor, which is a part of county government as is the Board of Commissioners, failed to prepare and deliver the transcript to the Circuit Court until 1994 cannot defeat Binninger's appeal.

### CONCLUSION

Accordingly, we hold that there are no procedural defects in Binninger's appeal of the Board's decision. Therefore, we must reverse and remand for trial as provided under I.C. 36–2–2–29.

Judgment reversed.

---

2. The dissent poses that the statute must be interpreted as requiring that the bond be filed along with the petition, within thirty days. However, as set out above, the statute provides that the bond is subject to the approval of the auditor. I.C. 36–2–2–28(a); *State ex rel. Flannigan v. Palmer,* 184 Ind. 7, 110 N.E. 213, 214 (1915). (Appeal to circuit court contemplated by either § 6022 or § 7793, Burns 1914, required that the bond be filed within thirty days and was subject to the approval of the auditor). We surmise that the legislature eliminated the requirement that the bond be filed within thirty days because the approval of the bond by the auditor is a matter beyond the control of the appellant. Under the dissent's interpretation, the auditor could defeat every appeal by withholding its approval of the bond until after the thirty day period had expired. *See id.*

NAJAM, J. concurs.

HOFFMAN, J. dissents with separate opinion.

HOFFMAN, Judge, dissenting opinion.

I respectfully dissent. The amended statute requiring an appeal bond, which does not specify temporal limitations, must be read in conjunction with the statute requiring appeals from administrative decisions to "be taken within thirty (30) days" after the decision. The existence of time limitations constitutes a paramount tenant of appellate procedure. An aggrieved party may not sit idly by and determine the moment when initiation of an appeal is suitable. Without time frames, a party could wait years to determine that a previous wrong should be addressed by a reviewing court.

In the present case, the majority acknowledges a party must initiate an appeal within the 30-day time period, but insists that the statutes do not establish a time frame within which to file the appeal bond. The appeal bond is a component of initiating the appeal. Preparation of the record depends upon the appeal bond, and review depends upon the record. Thus, I believe the decisions in *Fleming* and *Shirk* are fully applicable to the statutes as amended. The failure to file an appeal bond within the 30 days to initiate the appeal is fatal.

I would vote to affirm the trial court's decision.